# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

KEVIN RUSSELL                                                                      PLAINTIFF

v.                                                                         No. 4:04CV144-P-A

DR. JOHN BEARRY, ET AL.                                                          DEFENDANTS

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the court is the motion of the plaintiff Kevin Russell for a temporary restraining order or, in the alternative, for preliminary injunctive relief. The plaintiff is a state inmate currently housed at Mississippi State Penitentiary . He claims that he has asthma, foot problems and an injured left arm. The plaintiff seeks an order from the court requiring the State of Mississippi to: (1) place the plaintiff an a bottom front cell, (2) return the plaintiff's orthopedic shoes to him, (3) return the plaintiff's personal fan to him, and (4) refrain from cuffing the plaintiff's hands behind his back and from shackling his left arm. In the alternative, the plaintiff requests to be reclassified so that he may be housed in the Mississippi State Penitentiary hospital at Unit 42.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump &*

*Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

  The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. The plaintiff has not shown that he will suffer irreparable harm if he does not get the bunk assignment he wants or the shoes he wants. Likewise, he has not shown that he will be permanently harms if the defendants do not return his personal fan – or if he is cuffed behind his back or his left arm is shackled. These are the very issues of the current suit and will be dealt with in due course. Accordingly, plaintiff fails to

demonstrate a substantial likelihood that he will prevail on his claim.  As such, the instant motion for a temporary restraining order or preliminary injunction is hereby **DISMISSED.**

**SO ORDERED,** this the 20th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE