IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN RUSSELL                                                                              PLAINTIFF

v.                                                                                   No. 4:04CV144-P-A

DR. JOHN BEARRY, ET AL.                                                               DEFENDANTS

## REPORT AND RECOMMENDATION

On August 18, 2006, plaintiff Kevin Russell (# K3887), an inmate in the custody of the Mississippi State Penitentiary, appeared before the undersigned for a hearing on the plaintiff's motion for a temporary restraining order. The plaintiff alleges that Corrections Officer Trainee Jimmy Griham and CO IV Bessie Scott, two prison guards, as well as unnamed nurses at the Mississippi State Penitentiary, have physically abused him, harassed him, and given him incorrect medication – all at the behest of medical personnel who are displeased with the plaintiff for filing lawsuits regarding his medical care. The plaintiff seeks a court order for the alleged attacks and harassment to stop – and for the plaintiff to be transferred from his current location at Unit 32-C in the Mississippi State Penitentiary to the 720 Medical Unit at Rankin County.

As an initial matter, although Jimmy Griham ("Griham") and Bessie Scott ("Scott") testified as witnesses at the hearing, the court does not have jurisdiction over them because they are not parties to this suit. Neither are the unnamed nurses who allegedly dispensed the plaintiff's medication incorrectly. Correctional Medical Services ("CMS") and Dr. Keith Ivans (who works for CMS) are the only defendants remaining in this case. As such, the court cannot issue a temporary restraining order regarding the action or inaction of prison guards Griham and Scott – or the nurses about whom the plaintiff complains.

In addition, testimony at the hearing established that CMS and Dr. Ivans no longer provide medical services for the Mississippi Department of Corrections. As such, the plaintiff's claims for injunctive relief against these defendants have become moot. In sum, the court has no jurisdiction to issue a restraining order against Griham, Scott, and the unnamed nurses. For these reasons, the undersigned respectfully recommends that the instant motion for a temporary restraining order be dismissed as moot.

**Handling of Objections, Acknowledgment of Receipt**

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this

paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 21st day of August, 2006.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE