IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN RUSSELL                                                                                    PLAINTIFF

v.                                                                                       No. 4:04CV144-P-A

DR. JOHN BEARRY, ET AL.                                                                    DEFENDANTS

ORDER HANDLING VARIOUS MOTIONS
FILED BY THE PLAINTIFF

This matter comes before the court on numerous motions filed by the plaintiff. The plaintiff mailed the motions listed below to chambers, rather than to the Clerk's Office, for filing. Chambers staff mistook the motions for work file copies rather than originals to be filed with the Clerk's Office. As such, the motions built up over time, and the court shall rule on them at once, rather than enter numerous separate orders. The motions at issue are:

1.  Motions **[69], [80]** for defendants to comply with the court's scheduling order,

2.  Motion **[70]** to appoint counsel,

3.  Motion **[71]** for a copy of the transcript of the evidentiary hearing on the plaintiff's motion for a temporary restraining order, and a copy of the *Spears* hearing transcript,

4.  Motion **[72]** for production of documents (original doctor's orders from University Medical Center Orthopaedic Department), motion **[74]** to reinstate Dr. John Bearry as a defendant, and motion **[93]** to reinstate Dr. Santos and Dr. Bearry as defendants in this case,

5.  Motion **[73]** for subpoena of the videotape of the alleged assault on the plaintiff by defendant Griham,

6.  Motion **[77]** to produce a copy of the exhibit mailed to the court on August 30, 2006, in cause number 4:05CV148-M-B, as the Inmate Legal Assistance Program copied only the front pages for the plaintiff's file,

7. Motions **[78], [82]** to alter judgment and for the court to consider the plaintiff's objections to the Magistrate Judge's Report and Recommendation erroneously sent to chambers, rather than to the Clerk's Office,

8. Motion **[81]** for the court to transfer the plaintiff out of Unit 32 at the Mississippi State Penitentiary.

The court shall discuss these motions in sequence below.

## Motions [69], [80] to Compel Production of Documents

The plaintiff has moved the court to order the defendants to produce his disciplinary and administrative records per the court's scheduling order. The remaining defendants have responded that they are not the custodians of prison disciplinary and administrative records and thus cannot be charged with finding them and turning them over to the plaintiff. The defendants' response is persuasive, particularly considering that the plaintiff's remaining claims allege only denial of medical care. The plaintiff's motions **[69], [80]** shall therefore be denied.

## Motion [70] for Appointment of Counsel

The plaintiff has moved for the court to appoint counsel to represent him in this conditions of confinement case filed under 42 U.S.C. § 1983. There is no automatic right to counsel in a § 1983 case. *Wright v. Dallas County Sheriff's Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also*, *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). The court may base a decision whether to appoint counsel on many factors, including:

(1) the type and complexity of the case;
(2) the indigent's ability adequately to present and investigate his case;

(3) the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and
(4) the likelihood that appointment will benefit the indigent, the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citation omitted); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

This court should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The first factor is the type and complexity of the case. A thorough, liberal review and construction of the pleadings, as mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), reveals that there are no complex issues to be decided in the instant case; it is a straightforward claim of denial of adequate medical care. The fact that there are only two remaining defendants further reduces the danger that the number of defendants might complicate the otherwise straightforward issues.

The court must also consider whether the indigent plaintiff is capable of adequately presenting his case without the assistance of counsel. The plaintiff has demonstrated his ability to file competent pleadings with this court, including the instant motion for appointment of counsel and the complaint itself. Hence, this factor does not weigh in favor of appointment of counsel.

*Ulmer* further directs that the court inquire as to whether the indigent plaintiff is in a position to adequately investigate the case. The mere fact that plaintiff is incarcerated does not mean that he is unable to adequately investigate his case. The Fifth Circuit has held that an incarcerated plaintiff was able to adequately investigate his claims concerning the conditions of

his confinement. *Feist*, 778 F.2d at 242-53. Discovery in this case is complete; no further investigation of the case through the discovery process will be allowed, and clearly appointment of counsel would not aid plaintiff in this aspect of his case.

Finally, the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. After a review of the pleadings and observing the plaintiff at a *Spears* hearing – and a hearing on a motion for a temporary restraining order – the court finds that plaintiff is sufficiently capable of presenting his claims without the assistance of an attorney. There are no "exceptional circumstances" in this case which warrant the appointment of counsel because the crucial issues at trial will be the resolution of factual questions, such as the circumstances surrounding the alleged violation, and application of the prevailing law. The issues in this case would not be further sharpened by appointment of counsel to represent plaintiff, and the court is confident that a just determination will be reached even though the plaintiff is required to proceed *pro se*. As such, the plaintiff's motion **[70]** for appointment of counsel shall be denied.

### Motion [71] for a Copy of the Transcript of the *Spears* Hearing and the Hearing on the Plaintiff's Motion for a Temporary Restraining Order

In *United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979) (Losing III), the Eighth Circuit Court of Appeals interpreted the decision in *MacCollom* to be that

> [I]t is clear that a majority of the Court concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a nonfrivolous pending case.

*Losing III*, 601 F.2d at 353; *see also, Route v. Blackburn*, 498 F.Supp. 875, 877 (M.D. La. 1980)

("It is well-established that a federal prisoner seeking a free transcript . . . must show that his habeas corpus action is not frivolous."); *Jones v. Superintendent*, 460 F.2d 150, 152 (4th Cir. 1972) ("an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record. . . ."). Although the authority cited above dealt with *habeas corpus* proceedings, the reasoning applies to Section 1983 proceedings, as well.

The requirements for showing particularized need were set forth in *Bozeman v. United States*, 354 F.Supp. 1262, 1264 (E.D. Va. 1973), as follows:

> 1. The party seeking relief must state a claim of constitutional dimension. This in turn requires that said claim is neither frivolous on its face nor rendered moot under the law by other applicable doctrines (e.g., "harmless error" or waiver).
>
> 2. The party must specify with sufficient clarity those portions of the proceedings questioned in order that an initial determination of relevance can be made by the Court.

In the instant case, the plaintiff has not pointed to any specific need for a transcript of testimony in order to attack the dismissal of his case. There is no federal constitutional right to demand a free transcript of a hearing simply out of curiosity or for light reading. *Route*, 498 F.Supp. at 877. A prisoner is not entitled to a free transcript for the purpose of searching the record for defects in an effort to glean some basis with which to overturn an adverse ruling. *United States v. Herrera*, 474 F.2d 1049 (5th Cir. 1973). There are basically two factors to be considered when reviewing a prisoner's request for a copy of his trial transcript: (1) the value of the transcript to the plaintiff in connection with the proceedings for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. *See, Tague v. Puckett*, 874 F.2d 1013, 1014 (5th Cir. 1989) *citing, Britt v. North Carolina*, 404 U.S. 226, 227 (1971).

The plaintiff has not set forth what issues he would use the transcript to contest or why the transcript would help him accomplish that end. Therefore, under the authority cited above, plaintiff's motion **[71]** for a transcript of the proceedings in the district court shall be denied.

**Motion [72], for Production of Original Doctor's Orders from University Medical Center Orthopaedic Department, Motion [74] to Reinstate Dr. John Bearry as a Defendant, and Motion [93] to Reinstate Dr. Santos and Dr. Bearry as Defendants in This Case**

The plaintiff seeks two forms of relief in the first motion **[72]**. He seeks the original of a June 3, 2003, order from a doctor at the University Medical Center Orthopaedic Department. He also seeks to have Dr. Bearry reinstated as a defendant in this case.[1] The plaintiff argues that the original document he seeks would show that a doctor at the University Medical Center discussed total elbow replacement with him. The plaintiff then implies that Dr. Bearry somehow prevented the plaintiff from receiving the total elbow replacement that he seeks. Neither of these arguments is persuasive. Even if the original document the plaintiff seeks contains the information alleged, mere discussion of a medical procedure or course of treatment does not constitute an order for treatment. In addition, the court has already dismissed Dr. Bearry and Dr. Santos as defendants in this case, and the plaintiff has not provided any justification – other than pure speculation and conjecture – to have them reinstated. For these reasons, the plaintiff's motion **[72]** for production of original doctor's orders, his motion **[74]** to reinstate Dr. Bearry as a defendant, and his motion **[93]** to reinstate Dr. Santos and Dr. Bearry as defendants, shall be denied.

---

[1] The plaintiff also seeks to have Dr. Bearry reinstated as a defendant in the second motion **[74]** discussed in this section, and in the third motion **[93]**, he seeks to have Dr. Santos and Dr. Bearry reinstated as defendants.

**Motion [73] for Subpoena of the Videotape of the Alleged
Assault on the Plaintiff by Defendant Griham**

The plaintiff filed a motion **[73]** for the court to issue a subpoena directing the defendants to turn over a copy of the videotape of an alleged assault on the plaintiff carried out by Corrections Officer Griham on May 7, 2006. The defendants, who are medical personnel, correctly respond that they are not the custodians of such a tape. In addition, the alleged assault took place long after the instant complaint was filed – and thus has no relevance to the issues in this case. Those issues are whether the remaining defendants were deliberately indifferent to the plaintiff's serious medical needs. As such, the instant motion **[73]** for subpoena of the videotape shall be denied.

**Motion [77] to Provide the Plaintiff With a Copy of a Document Submitted
to the Court August 30, 2006, in Cause Number 4:05CV148-M-B**

The plaintiff filed a motion **[77]** for the court to provide him with a copy of a twenty-nine page document purportedly sent to the court for filing in *Presley, et al. v. Epps*, 4:05CV148-M-B. The plaintiff seeks this document because the Inmate Legal Assistance Program allegedly copied only one side of the pages for the plaintiff before mailing the document to the court. The court has reviewed the docket in the *Presley* case, and no twenty-nine page document was filed in that case after August 30, 2006. As the document in question cannot be found, the plaintiff's motion **[77]** for the court to provide a him copy shall be denied.

**Motions [78], [82] to Reconsider the Court's Order Adopting the Magistrate Judge's
Report and Recommendation and Denying
Injunctive Relief in Light of the Plaintiff's Objections**

As he did with numerous other pleadings, the plaintiff mailed his objections to the Magistrate Judge's Report and Recommendation to chambers, rather than to the Clerk's Office.

The court believed that the plaintiff had merely mailed handwritten work copies to chambers (a common practice among *pro se* prisoner litigants who often have limited access to copy machines). This combination of events led to a long delay in the proper filing and docketing of these documents. The court shall thus grant the plaintiff's motions **[78], [82]** for reconsideration and rule upon the Report and Recommendation in light of the objections. Having reviewed the plaintiff's objections, the court's opinion is, however, unchanged, and the court shall once again approve and adopt the Report and Recommendation.

### Motion [81] for the Court to Transfer the Plaintiff Out of Unit 32 at the Mississippi State Penitentiary

The plaintiff filed a motion **[81]** to be housed in a Mississippi Department of Corrections facility other than the Mississippi State Penitentiary, preferably the medical unit at the Rankin County facility. This is the same relief requested in the plaintiff's motion for a temporary restraining order, which the court has already denied. For the same reasons, the instant motion **[81]** for a transfer to Rankin County shall be denied.

### Conclusion

It is therefore **ORDERED:**

1. That the plaintiff's motions **[69], [80]** to compel the defendants to produce various documents are **DENIED;**

2. That the plaintiff's motion **[70]** to appoint counsel is **DENIED;**

3. That the plaintiff's motion **[71]** for a copy of the evidentiary hearing transcripts and for the *Spears* hearing transcript is **DENIED;**

4. That the plaintiff's motions **[72], [74], and [93]** for production of documents and to

reinstate Dr. Santos and Dr. Bearry as defendants are **DENIED;**

5. That the plaintiff's motion **[73]** to subpoena for the videotape of the alleged assault on the plaintiff by Officer Griham is **DENIED;**

6. That the plaintiff's motion **[77]** for copies of the exhibit allegedly mailed to the court on August 30, 2006, in cause number 4:05CV148-M-B is **DENIED;**

7. That the plaintiff's motions **[78], [82]** for reconsideration of the court's order adopting the Magistrate Judge's Report and Recommendation in light of the plaintiff's recently filed objections to that Report and Recommendation are hereby **GRANTED.** The court has now considered the plaintiff's objections, and hereby **APPROVES AND ADOPTS** the Report and Recommendation as the opinion of the court. The plaintiff's motion for a temporary restraining order is hereby **DENIED**.

8. That the plaintiff's motion **[81]** for the court to transfer the plaintiff out of Unit 32 at the Mississippi State Penitentiary is hereby **DENIED.**

9. *The plaintiff is hereby DIRECTED to mail all future pleadings in this and other cases in this court to the appropriate office of the Clerk of the Court – and not to the chambers of the Presiding Judge or Magistrate Judge.* Deviating from the normal filing practice merely causes unnecessary delay and confusion in the case.

      **SO ORDERED,** this the 11th day of January, 2007.

                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE